**In re Joe H. SCOTT, Debtor.**

**James B. McCRACKEN,
Trustee, Plaintiff,**

**v.**

**BROWARD COUNTY BOARD OF
COUNTY COMMISSIONERS,
Defendant.**

**Bankruptcy No. 83–00548–BKC–JAG.
Adv. No. 84–0665–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 5, 1985.

Reggie David Sanger, Fort Lauderdale, Fla., for plaintiff.

James A. Thomas, Fort Lauderdale, Fla., for defendant.

James B. McCracken, Vero Beach, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard on January 30, 1985, upon the Plaintiff's JAMES B. McCRACKEN, TRUSTEE, complaint to recover monies improperly transferred to the Defendant after the bankruptcy petition of JOE H. SCOTT was filed and for damages and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following findings of fact and conclusions of law:

This Court has jurisdiction over the parties and subject matter of this action by virtue of 28 U.S.C. § 1334 and § 157.

The Plaintiff was duly appointed Trustee in this case on March 30, 1983. At the time the bankruptcy was filed (March 28, 1983), the Debtor, JOE H. SCOTT, had a personal injury claim against South Carolina Insurance Company due to injuries resulting from an accident in May 1982.

The Trustee, by virtue of the filing of Debtor's petition, became vested with the Debtor's claim against South Carolina Insurance Company under 11 U.S.C. § 549. After becoming aware of the personal injury claim, the Trustee wrote to Debtor's counsel on May 23, 1983 and June 1, 1983, stating that the Trustee should be provided with all information relative to the claim and that any recovery would vest with the estate.

On July 26, 1983, the Debtor and his counsel, Philip Berman, completed negotiations on the personal injury claim and recovered a $9,500.00 settlement. Out of the settlement $4,068.66 was paid to Broward County Board of County Commissioners, Social Service Division in payment of a pre-petition debt. No other pre-petition creditors were paid out of the settlement proceeds. Additionally, the settlement was negotiated and disbursement was made without the knowledge of the Trustee and without this Court's approval in contravention of the Bankruptcy Code.

After failing to receive any response to his inquiries the Trustee obtained counsel who discovered the settlement had already been negotiated and disbursement already made. Demand was made upon the Defendant to return the monies because the disbursement was an improper post-petition transfer of funds belonging to the estate.

The Court concludes the transfer of $4,068.66 to the Defendant was an improper post-petition transfer under 11 U.S.C. § 549 and that the transfer is avoided. As an avoided transfer, the Defendant is required to return the sum of $4,068.66 to the estate. Failure to do so will result in a final judgment against the Defendant for $4,068.66.

A separate final judgment will be entered in accordance with these findings of fact and conclusions of law.